**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDEN GHEBRE-BROWN** | : | |
| **24 N Llanwellyn Avenue** | : | |
| **Glenolden, PA 19036** | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **SANTANDER BANK N.A.** | : | |
| **5300 Baltimore Pike** | : | |
| **Clifton Heights, PA 19018** | : | |
| | : | |
| **75 State Street, 5th Floor** | : | |
| **Boston, MA 02109** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Eden Ghebre-Brown (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, brings this civil matter against Santander Bank N.A. (hereinafter "Defendant"), for

violations of the Fair Labor Standards Act ("FLSA"), the Wage Payment Collection Law

("WPCL"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), and the Pennsylvania

Human Relations Act ("PHRA"). Plaintiff asserts her FLSA claim as a collective action under 29

U.S.C. § 216(b) and asserts her WPCL and PMWA claims as a class action under Federal Rule of

Civil Procedures 23. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Santander Bank N.A. provides banking products and services with a location at 5300 Baltimore Pike, Clifton Heights, PA 19018 and with a corporate headquarters located at 75 State Street, 5th Floor, Boston, MA 02109.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

10. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and national origin discrimination against Defendant.

11. The Complaint was assigned a Charge Number 530-2018-04796 and was dual filed with the Pennsylvania Human Relations Commission.

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 12, 2018. Plaintiff received the notice by mail.

13. Plaintiff files the instant Complaint within two (2) years of her receipt of her Right to Sue in this matter.

14. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

15. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

16. Plaintiff is Black and her national origin is Eritrea.

3

17. On December 9, 2013, Defendant hired Plaintiff as a Retail Banking Personal Representative I.

18. Plaintiff was well qualified for her position and performed well.

19. In or around August 2015, Plaintiff was promoted to Branch Operations Manager.

20. Plaintiff was well qualified for her position and performed well.

21. Plaintiff remained a nonexempt employee under the FLSA.

**PLAINTIFF WAS REQUIRED TO WORK OVERTIME BUT WAS NOT PAID FOR IT**

22. When Plaintiff assumed her role as Branch Operations Manager, Helene Kearney (Caucasian, American-born) required her to work an additional five (5) to ten (10) hours above forty hours per week.

23. Ms. Kearney required Plaintiff to take work home with her to complete on Plaintiff's own time.

24. In addition, Ms. Kearney informed Plaintiff that she had to "volunteer" her time and come in on Sundays when no one else was present in order to complete additional work.

25. It was intimated to Plaintiff that if she did not come to work on Sundays and work the extra hours without pay, that she would receive an unsatisfactory review that would result in her termination.

26. Plaintiff did not complain about having to work the extra hours without pay because she believed it to be a common practice and feared retaliation.

27. Plaintiff continued to work five (5) to ten (10) hours of extra hours without pay every week until the end of her employment.

**PLAINTIFF WAS OVERLOOKED FOR MULTIPLE POSITIONS**

28. In or around early 2016, Plaintiff began applying to available positions for which she was qualified.

29. Plaintiff applied to approximately 18 different positions, but she was not selected for any despite being well qualified for them.

30. However, Defendant selected Caucasian, American-born employees that were less qualified and less tenured than Plaintiff for these positions, including, but not limited to, Donna Harrigan and Ashley Porter.

31. On June 20, 2017, Plaintiff inquired to Human Resources about the position selection process, so she could understand why she was not being selected for the multitude of positions for which she had applied.

32. However, she was told that Defendant did not have to inform her of the reasons why she was not selected for the positions that she applied to. Defendant refused to provide her with any reasons for why she was not the selected candidate.

**PLAINTIFF COMPLAINED OF DISCRIMINATION**

33. In July 2017, Plaintiff emailed Dawn Larkin, Employee Relations Consultant, that she believed she was being discriminated against due to her race as her less qualified, less tenured Caucasian coworkers were being selected for the positions for which she applied.

34. In August 2017, Ms. Larkin called Plaintiff and informed her that there was no evidence to substantiate her complaint of race discrimination.

35. Dissatisfied with Defendant's alleged investigation and continuing to be overlooked for positions for which she was well qualified, Plaintiff filed a Charge of Discrimination, alleging Race and National Origin discrimination, with the EEOC on October 13, 2017.

**DEFENDANT FORCED PLAINTIFF TO FALSIFY TIME CARDS**

36. In September 2017, Robert Williams (African-American, American-born) became the new District Manager.

37. Mr. Williams implemented a policy that no employee could work even one (1) minute of overtime.

38. As a way to adhere to Mr. Williams' zero overtime policy, Ms. Kearney had employees, including, but not limited to, Plaintiff, change their time cards if they had any recorded overtime.

39. Ms. Kearney frequently had employees, including, but not limited to, Plaintiff put their overtime hours on the time cards for the following week and proceeded to then pay them regular time so as to avoid paying overtime.

## DEFENDANT CONTINUED TO DISCRIMINATE AGAINST PLAINTIFF AND RETALIATED AGAINST HER FOR HER COMPLAINTS OF DISCRIMINATION

40. On November 20, 2017, Defendant responded to Plaintiff's Charge of Discrimination with its Position Statement.

41. In or around this time, Plaintiff began to feel uncomfortable around Ms. Kearney as she began to make snide comments towards her and ignored her when she requested assistance.

42. In December 2017, Godelieve Mansfield (Caucasian, American-born), Premier Banker, made discriminatory comments to Plaintiff regarding how Defendant's African-American customers were "thugs and gangbangers" that she "couldn't wait to get away from."

43. Plaintiff was shocked by Ms. Mansfield's comments, but did not report it as she felt that Human Resources did not take her prior complaint seriously, and she feared further retaliation.

44. On January 3, 2018, Plaintiff's entire branch failed an audit.

45. Ms. Kearney left out sensitive information which was part of the reason that the branch failed the audit.

46. The next day on January 4, 2018, Defendant implemented a policy that if an employee left out sensitive information he or she would be issued a discipline.

47. However, Defendant did not discipline Ms. Kearney.

48. Additionally, in January 2018, Ms. Mansfield left out sensitive information, but was not disciplined for doing so.

49. Following the audit, Ms. Kearney began to go through Plaintiff's desk and paperwork in search of documents that contained sensitive information in order to discipline Plaintiff.

50. On January 24, 2018, Ms. Larkin and Mr. Williams placed Plaintiff on a final written warning for the branch failing the audit on January 3, 2018.

51. Plaintiff feared that her termination from Defendant was imminent and forwarded emails relating to the discrimination and retaliation that she was subjected to by Defendant to her personal email from her work email.

## DEFENDANT DID NOT DISCIPLINE CAUCASIAN, AMERICAN-BORN COWORKERS

52. On January 25, 2018, it was discovered that Ms. Kearney left out sensitive customer information and Nicole Conaway (Caucasian, American-born), Teller, left out sensitive information the previous day.

53. Defendant's Human Resources and management team was aware of these infractions, but neither Ms. Kearney nor Ms. Conaway received any form of discipline.

54. On January 26, 2018, Ms. Mansfield left out sensitive information, but Ms. Kearney did not issue her a discipline as per Defendant's policies and procedures.

## DEFENDANT TERMINATED PLAINTIFF

7

55. On February 5, 2018, Plaintiff was terminated by Ms. Larkin and Mr. Williams for allegedly violating Defendant's code of conduct with respect to forwarding emails.

56. However, Ms. Kearney forwarded work emails to her private email address multiple times and was not disciplined or terminated for doing so.

57. In addition, there had been previously been inappropriate emails sent among employees that Defendant's IT Department stated were in violation of Defendant's code of conduct, yet none of these employees were disciplined or terminated.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

58. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. §216(b) on behalf of all individuals, who, during any time within the past three (3) years, have been employed by Defendant (or any affiliated business entity) as hourly and/or non-exempt employees assigned to Defendant's location at 5300 Baltimore Pike, Clifton Heights, PA 19018 and/or the region the location is included in.

59. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. §216(b).

60. Plaintiff brings her PWCL and PMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals, who, during any time within the last two years have been employed by Defendant (or any affiliated business entity) as hourly and/or non-exempt employees assigned to Defendant's location at 5300 Baltimore Pike, Clifton Heights, PA 19018 and/or the region the location is included in.

8

61. The class action requisites set forth in Federal Rule of Civil Procedure 23 are satisfied and, therefore, class action treatment of Plaintiff's PWCL and PMWA claims is appropriate.

62. Upon information and belief, the class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members in impracticable.

63. Defendant's conduct with respect to the class members raise questions of law and fact that are common to all class members. Common factual questions include, *inter alia*, the development and implementation of Defendant's region-wide payroll deductions, timekeeping and compensation practices and/or policies described herein. The legality of these policies and practices will be determined through the application of general legal principles to common facts.

64. Plaintiff is a class member, her claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, *inter alia*, all claims are based on the same legal theories and remedies. Further, Plaintiff's allegations that Defendant violated the FLSA, PWCL, and PMWA's compensation provisions by failing to compensate her for all legally compensable time is sufficiently aligned with the interests of other class members that Plaintiff's pursuit of her own interests will benefit all class members.

65. Plaintiff will fairly and adequately assert and protect the interests of all class members because, *inter alia*, (a) Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members; (b) Plaintiff and her counsel are free of any conflicts of interest that prevent

them from pursing this action on behalf of the class members; and (c) Plaintiff and her counsel have adequate financial resources to assure that the class members' interests will not be harmed.

66. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I - RACE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of protected classes in that she is Black.

60. Plaintiff was qualified to perform the job for which she was hired.

61. Plaintiff suffered adverse job actions, including, but not limited to termination.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

64. Defendant discriminated against Plaintiff on the basis of race.

65. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – NATIONAL ORIGIN DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff is a member of a protected class in that she is from Eritrea.

69. Plaintiff was qualified to perform the job for which she was hired.

70. Plaintiff suffered adverse job actions, including, but not limited to termination.

71. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

72. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

73. Defendant discriminated against Plaintiff on the basis of her national origin.

74. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

75. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.


## COUNT III – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. Plaintiff engaged in activity protected by the PHRA when she complained of discrimination internally by reporting the same to human resources and the EEOC.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

79. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – FAILURE TO PROPERLY PAY OVERTIME
## FAIR LABOR STANDARDS ACT 29 U.S.C. §§ 201, *et seq.*

80. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81. The FLSA requires that employees receive overtime compensation calculated at 150% of their regular pay rate for hours worked over 40 hours per week.

82. Defendant violated the FLSA by failing to compensate Plaintiff for all hours worked over 40 hours per week.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – FAILURE TO PAY WAGES
## WAGE PAYMENT AND COLLECTION LAW

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. Plaintiff was hired as an employee by Defendant.

85. Defendant refused to pay Plaintiff the proper amount that she is owed.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – FAILURE TO PAY WAGES
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. At all times relevant, Plaintiff and the class members are employees entitled to the protections under the PMWA.

88. At all times relevant, Defendant is an employer covered by the PMWA.

89. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a).

90. The PMWA requires that employees receive overtime compensation "not less than one and one-half-times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

91. The PMWA defines "Hours Worked" to include *inter alia* "time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work." *See* 34 Pa. Code § 231.1.

92. Defendant has violated the PMWA by failing to compensate Plaintiff and other class members for all hours worked before and during their work shifts. Accordingly, during weeks in which Plaintiff and the class members' combined paid and unpaid compensable time exceeds 40 hours, Plaintiff and the class members are entitled to (i) compensation at their regular pay rate for uncompensated hours worked under 40 hours; and (ii) compensation at their overtime premium pay rate for uncompensated hours worked over 40 hours.

93. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions and willfully violated the PMWA.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Eden Ghebre-Brown, requests that the Court grant her the following relief against Defendant:

(a)   Order permitting this action to proceed as a collective and class action;

(b)   Unpaid wages (including overtime wages);

(c)   Compensatory damages;

(d)   Punitive damages;

(e)   Liquidated damages;

(f)   Emotional pain and suffering;

(g)   Reasonable attorneys' fees;

(h)   Recoverable costs;

(i)   Pre and post judgment interest;

(j)   An allowance to compensate for negative tax consequences;

(k)   A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the PHRA, the FLSA, the WPCL and the PMWA.

(l)   Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(m)   Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(n)   Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 22, 2019          **By:**   *David M. Koller*

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

EDEN GHEBRE-BROWN

## DEFENDANTS

SANTANDER BANK N A

**(b)** County of Residence of First Listed Plaintiff  DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  DELAWARE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name Address and Telephone Number)*
David M. Koller, Esquire, Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U S Government
Plaintiff

☒ 3  Federal Question
*(U S Government Not a Party)*

☐ 2  U S Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran s Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Fair Labor Standards Act ("FLSA")
Brief description of cause
violation of "FLSA"

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $
Over $175,000

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
11/22/2019

SIGNATURE OF ATTORNEY OF RECORD
*David M. Koller*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG JUDGE

19 5521

NOV 22 2019



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19 ' 5521

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _ _ _ _ _ _ _ _ 24 N. Llanwellyn Avenue, Glenolden, PA 19036

Address of Defendant: _ _ _ _ _ _ _ 5300 Baltimore Pike, Clifton Heights, PA 19018 _ _ _ _ _

Place of Accident, Incident or Transaction _ _ _ _ _ Clifton Heights, PA _ _ _ _ _ _ _ _ _ _ _

---

**RELATED CASE, IF ANY:**

Case Number _ _ _ _ _ _ _ _ _ _ Judge _ _ _ _ _ _ _ _ _ Date Terminated _ _ _ _ _ _ _ _ _ _

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 11/22/2019          *Attorney-at-Law  Pro Se Plaintiff*          90119
                          (*Must sign here*)                          *Attorney I D # (if applicable)*

---

**CIVIL: (Place a ✓ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2  FELA
- ☐ 3  Jones Act-Personal Injury
- ☐ 4  Antitrust
- ☐ 5  Patent
- ☐ 6  Labor-Management Relations
- ☑ 7  Civil Rights
- ☐ 8  Habeas Corpus
- ☐ 9  Securities Act(s) Cases
- ☐ 10 Social Security Review Cases
- ☐ 11 All other Federal Question Cases
       *(Please specify)* _ _ _ _ _ _ _ _ _ _

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1  Insurance Contract and Other Contracts
- ☐ 2  Airplane Personal Injury
- ☐ 3  Assault, Defamation
- ☐ 4  Marine Personal Injury
- ☐ 5  Motor Vehicle Personal Injury
- ☐ 6  Other Personal Injury *(Please specify)* _ _ _ _ _ _
- ☐ 7  Products Liability
- ☐ 8  Products Liability - Asbestos
- ☐ 9  All other Diversity Cases
       *(Please specify)* _ _ _ _ _ _ _ _ _ _

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _ _ _ David M. Koller _ _ _ _ _ _ , counsel of record *or pro se plaintiff*, do hereby certify

- ☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs
- ☐ Relief other than monetary damages is sought

NOV 22 2019

DATE 11/22/2019          *Attorney-at-Law  Pro Se Plaintiff*          90119
                          (*Sign here if applicable*)                 *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CASE MANAGEMENT TRACK DESIGNATION FORM

EDEN GHEBRE BROWN

v.

Santander Bank N. A.

CIVIL ACTION

NO. **19   5521**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53 2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management   Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases )     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

| | | |
|---|---|---|
| _11/22/19_ | _David M. Koller_  CST | _Plaintiff_ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| _215-545-8917_ | _215-575-0826_ | _davidk@kollerlawfirm.com_ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 22 2019